UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re.<br><br>VINCENT ROSENBALM,<br><br>Plaintiff.<br><br>_____/ | No. C 08-5600 SI (pr)<br>No. C 08-5606 SI (pr)<br><br>**ORDER TO SHOW CAUSE RE.**<br>**CONTEMPLATED DISMISSALS** |

Vincent Rosenbalm has filed many actions from the confines of Napa State Hospital, where he is housed pursuant to a commitment under California Penal Code § 1370 in his pending criminal case in Mendocino County Superior Court. Rosenbalm has been committed pending restoration of his competency to stand trial in that criminal case. The court earlier determined that the commitment within the pending criminal case makes Rosenbalm a prisoner within the meaning of Section 1915(g). See Order of Dismissal filed June 1, 2007, in In Re. Vincent Rosenbalm, C 06-7801 SI, et al. Rosenbalm seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 in the referenced cases.

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Rosenbalm has filed many cases, of which none apparently were successful, does not alone warrant dismissal under § 1915(g).  See id.  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Rosenbalm's prior prisoner actions in this court reveals that Rosenbalm has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Rosenbalm is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Rosenbalm v. Klein, N. D. Cal. Case No. C 96-850 SI (civil action

dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the action is frivolous or malicious") because allegations in complaint duplicated allegations in an earlier action); (2) Rosenbalm v. Lungren, N. D. Cal. Case No. C 96-2121 SI (civil action dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the action is frivolous or malicious") because allegations in complaint duplicated allegations in an earlier action); (3) Rosenbalm v. Lungren, N. D. Cal. Case No. C 96-3375 SI (civil rights action dismissed under former § 1915(d) (allowing dismissal of pauper action "if satisfied that the action is frivolous or malicious") because allegations in complaint duplicated allegations in an earlier action); and (4) Rosenbalm v. State of California, N. D. Cal. Case No. C 96-0010 SI (civil rights action dismissed for failure to state a claim upon which relief may be granted). The court made its evaluation of these cases based on the dismissal orders in them. See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Rosenbalm does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **June 12, 2009** why in forma pauperis should not be denied and each of these action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Rosenbalm may avoid dismissal by paying the full $350.00 filing fee by the deadline for each of the referenced cases.

IT IS SO ORDERED.

Dated: May 13, 2009

_____
SUSAN ILLSTON
United States District Judge

3